**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| LEONARD DAVID STEVENS, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | Cause No. 6:06-CV-255 |
| | § | |
| GENERAL MOTORS CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER
<u>ON MOTION TO TRANSFER VENUE</u>**

Defendant General Motors moves the Court to transfer venue for this case to the Dallas Division of the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Having considered the Defendant's Motion and the Plaintiff's Response, it is the opinion of this court that the Defendant's motion should be denied for the reasons set out below.

**I. Background**

This is a personal injury case that arises out of a one-vehicle automobile accident that occurred on February 13, 2006, when Plaintiff was driving a 2000 Chevrolet S10 traveling eastbound in the right lane on US Hwy 80, four miles west of Terrell, Kaufman County, Texas. Plaintiff states that the accident occurred when he hit a slick spot in the road, lost control of the vehicle, and it ultimately rolled over. Plaintiff alleges he was injured in the accident, and that defects in the 2000 Chevrolet S10 caused his injuries and damages.

Defendant General Motors Corporation ("GM") argues that none of the relevant witnesses in this case reside in the Eastern District of Texas, and that it would be more convenient for the parties to try this case in the Dallas Division of the Northern District of Texas. The Plaintiff contests the Defendant's motion.

## II. Analysis

Title 28 U.S.C. § 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where [the case] might have been brought." 28 U.S.C. § 1404(a). It is within the sound discretion of the court to decide whether to transfer venue under § 1404. *See* 28 U.S.C. § 1404(b); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988). "The moving party bears the burden of demonstrating why the forum should be changed and the burden is a strong one as to proving that the convenience factors clearly favor such a change." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001).

Under 28 U.S.C. § 1404(a), the Court must first consider where this case "might have been brought." 28 U.S.C. § 1404(a). In diversity cases, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions occurred, or a substantial part of property that is subject to the action is situated." 28 U.S.C. § 1391(a). Though it is undisputed that the Northern District of Texas is a proper venue under § 1391(a)(2) because the events that gave rise to the Plaintiff's claim occurred in the

Northern District of Texas, General Motors does not contest wether venue is also proper under § 1391 in the Eastern District of Texas. Indeed, the defendant admits that it does business in Texas.[1] Accordingly, the Court assumes that this action "might have been brought" in either the Northern District or the Eastern District of Texas.

The court must next consider whether a transfer is warranted "[f]or the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). In considering whether transfer under §1404 is appropriate, courts generally balance (a) the convenience of the litigants and (b) the public interests in the fair and efficient administration of justice. *Hanby*, 144 F. Supp. 2d at 676 (citing *Robertson v. Kiamichi RR Co., L.L.C* ., 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999)); *Singleton v. Volkswagen of America, Inc.*, No. 2:06-CV-222, 2006 WL 2634768, at *1 (E.D. Tex. Sept. 12, 2006). Convenience factors often include: (1) plaintiff's choice of forum; (2) convenience of parties and witnesses; (3) place of the alleged wrong; (4) location of counsel; (5) cost of obtaining the attendance of witnesses; (6) accessibility and location of sources of proof; and (7) possibility of delay and prejudice if transfer is granted. *See Hanby,* 14 F. Supp. 2d at 676–77. Public interest factors

---

[1] Venue is proper in the Eastern District of Texas if General Motors is found to reside in this district. *See* 28 U.S.C. § 1391(a)(1). Under 28 U.S.C. § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." General Motors does not argue that venue is improper in or that GM is not subject to personal jurisdiction in the Eastern District of Texas. Indeed, GM has admitted that it does business in the state of Texas. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000) (holding that the Texas long-arm statute's scope extends to the limits of due process); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (holding that personal jurisdiction is consistent with due process if defendant has sufficient "minimum contacts" with forum). Absent any argument or evidence that this court lacks personal jurisdiction over General Motors, the Court assumes that GM resides in this district and venue in the Eastern District of Texas is proper. *See* 28 U.S.C. § 1391(a).

often include: (1) administrative difficulties caused by court congestion; (2) local interest in adjudicating local disputes; (3) unfairness of burdening citizens in an unrelated forum with jury duty; and (4) avoidance of unnecessary problems in conflict of laws. *See id*. at 677.

To begin, the Court notes that the "[p]laintiff's choice of forum is ordinarily given great deference unless the facts of the case clearly militate for trial in an alternative forum." *Emrick v. Calcasieu Kennel Club, Inc.*, 800 F.Supp. 482, 484 (E.D. Tex. 1992). In this case, the convenience factors do not weigh heavily in favor of transfer. Though the location of events giving rise to the suit occurred outside of the Eastern District of Texas, the Defendant's argument that this lawsuit "has no reasonable relation to the Tyler Division of the Eastern District of Texas" is not entirely accurate. Because this is a products liability case, the complaint is about a defective product, and not just an individual automobile accident. As such, the subject matter is as of much interest to citizens of this district as it is to those of any other district where the Defendant's vehicles are sold. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776–77 (E.D. Tex. 2000). What is more, GM has not argued that the vehicle at issue was designed or manufactured in the Northern District of Texas—indeed, GM has not stated *where* the vehicle was designed or manufactured. *See id*. (observing that "location of the *accident* revealing the allegedly defective product is a red herring for transfer analysis in cases where the plaintiff is suing for the allegedly defective *design and manufacture* of the product"). Finally, to the extent that the location of the alleged wrong impacts the parties' ability to gain access to sources of proof, the added

burden of transporting evidence from locations in Terrell or Dallas to court in Tyler rather than Dallas is negligible. Accordingly, factors relating to the location of the alleged wrong do not weigh in favor of transfer.

As for the convenience of parties and witnesses, GM argues that every potential fact witness in this case either resides or works in a county within the Dallas Division of the Northern District. GM has provided affidavits of two individuals GM identifies as key witnesses—the officer responsible for investigating the traffic accident and a Terrell resident who was the first to arrive on the scene of the accident—both of whom state that testifying in Tyler would be inconvenient. The precise nature of their inconvenience, however, is unclear from the witnesses' affidavits, and as such it is difficult for the Court to determine whether the inconvenience includes any factor other than distance.[2] *See Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F.Supp.2d 567, 576 (E.D. Tex. 2004) (finding that transfer not warranted for witness convenience where witnesses offered no explanation of how they would be inconvenienced).

GM also identifies other possible witnesses who may be called, including a tow-truck driver and medical personnel. "If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be, the application for transfer will be denied." *Young v. Armstrong World Industries, Inc.*, 601 F. Supp. 399, 401–02 (N.D. Tex. 1984) (citing 15 WRIGHT, MILLER & COOPER, FEDERAL

---

[2] GM's Motion fails to specify how much farther Terrell is from Tyler than from Dallas. The Plaintiff's Response, however, indicates that Terrell is only forty miles closer to Dallas than it is to Tyler.

PRACTICE AND PROCEDURE ¶ 3851 at 270–71 (1976)).  Here, GM has not stated why these witnesses testimony is necessary or what their testimony will likely be, much less why the appearance of any of these individuals will be necessary at trial.  *See Z-Tel Commc'ns*, 331 F. Supp. 2d at 576 (vague description of the witnesses' potential testimony unhelpful in determining which witnesses should receive attention as to possible burdens in traveling to forum).  On the whole, the convenience factors relating to the convenience of witnesses and parties do not warrant transfer.

As to the public interest factors, court congestion is not a substantial problem for this court, thanks in part to this district's broad discovery rules and other factors that are conducive to a relatively speedy docket.  Furthermore, due to the nature of this case—product liability—the citizens of this district have as keen an interest in the issues before this court as do citizens of the Northern District of Texas.  Public interest factors do not, therefore, weigh in favor of transfer.

### III.  Conclusion

For the above stated reasons, the Court finds that the Defendant's Motion to Transfer Venue should be, and hereby is, denied.

**It is SO ORDERED.**

**SIGNED this 21st day of November, 2006.**

*/s/ Michael Schneider*
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE